

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:

Attention Mr. Will Mann Richardson
Opinion No. O-2352
Re: Is the conflict between "The
Phenix Dairy" and "Phenix Food
Sales Corporation" sufficient
to warrant the Secretary of
State's refusal to grant a per-
mit to the latter Delaware
corporation?

Your letter of May 13, 1940, requesting an opinion of this department, contains the following two paragraphs, presenting the above question:

"A Kraft-Phenix Cheese Corporation subsidiary wishes to obtain a permit to do business in Texas as 'Phenix Food Sales Corporation.' We already have a corporation doing business in Texas using the name 'The Phenix Dairy,' at Houston....

"We would appreciate an opinion from your Department as to whether the conflict between 'The Phenix Dairy' and the 'Phenix Food Sales Corporation' is sufficient to warrant our refusal to grant a permit to the latter Delaware corporation."

We respectfully refer you to our Opinion No. O-1711, approved November 28, 1939, answering a similar question submitted by you though involving the names, "Texas Federation of Taxpayers," and "Texas Taxpayers' Association." The authorities cited therein are applicable to your present request, and we do not deem it necessary to restate or enlarge upon them to any great extent herein.

We particularly call your attention to the case of Elgin Butter Company vs. Sands et al. (Sup. Ct. Ill.), 40 N.E. 616, cited on page 5 of Opinion No. O-1711, in a paragraph

taken from Thompson on Corporations, 3rd Edition, Volume I, page 102. In this case, a complaint was filed by the Elgin Butter Company, a corporation, against the Elgin Creamery Company, a corporation, seeking to restrain and enjoin the creamery company, the last corporate entity in the field, from manufacturing, offering to sell, or selling any butter, as manufacturer, owner or seller, under the name of "Elgin Creamery Company," its corporate name. We quote from the opinion of the court denying the relief, as follows:

> "The gist of the complaint seems to be that the use by the 'Elgin Creamery Company' of its corporate name in its business of manufacturing, dealing in, and selling butter has a tendency to and does confuse and mislead dealers in the market and the public at large, and leads them into the false belief that the corporation incorporated as 'Elgin Creamery Company' is one and the same as the corporation incorporated as 'The Elgin Butter Company.'

> "Even if the corporate names of the two corporations are somewhat similar, yet, in the absence of any intent, act, or artifice to mislead dealers in the market or the public at large as to the identity of the corporations, the Elgin Creamery Company has the same right to use its corporate name in the transaction of its business that the Elgin Butter Company has to use its corporate name. It would seem that the same rule should apply to corporations in this regard that obtains in respect to natural persons; and, in the absence of any fraudulent or wrongful intention or act, or any contract to prohibit it, every natural person has the absolute right to his own name in his own business."

It is, therefore, the opinion of this department that there is not such similarity or conflict between the names, "The Phenix Dairy" and "Phenix Food Sales Corporation," as alone, would warrant the Secretary of State refusing to

Honorable M. O. Flowers, Page 3

grant a permit to the latter, a foreign corporation, to do business in Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK/oe

APPROVED MAY 23, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN